IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK MONCRIEF, III, #254522, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:22-CV-151-ECM-KFP ) |
| STATE OF ALABAMA, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action on or around March 30, 2022 by filing a Complaint under 42 U.S.C. § 1983. Doc. 1. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as time-barred and for failure to state a claim on which relief may be granted.

**I.    PLAINTIFF'S ALLEGATIONS**

In his Complaint, Plaintiff alleges that an individual named David Vickers violated Plaintiff's constitutional rights in July 2007.[2] Doc. 1 at 2. During that time, Plaintiff

---

[1] Because Plaintiff is proceeding in forma pauperis, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding in forma pauperis if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

[2] Although the Complaint does not specifically state Mr. Vickers' relationship to Plaintiff, attachments to the Complaint indicate that Mr. Vickers represented Plaintiff in his prior state court criminal proceedings. *See* Doc. 1-1.

alleges—vaguely and without a sufficient factual basis—that he made an involuntary guilty plea despite acting in self-defense and that Mr. Vickers solicited him and lied about it. *Id.* at 2-3. As relief, Plaintiff seeks release from prison and "[his] money back that [he] was lied to about for two [years] before [he] went to court." *Id.* at 4. He further states that he "just want[s] to work while [he] still can." *Id.*

II.     DISCUSSION

    A.     **Statute of Limitations**

First, Plaintiff asserts that the events giving rise to his claims occurred on or before July 2007—approximately 15 years ago. *See* Doc. 1 at 2 (stating that the alleged constitutional violations occurred in July 2007); Doc. 1-1 at 5 (stating that he pleaded guilty in his criminal proceedings in June 2007 and that he was sentenced on July 26, 2007). However, any claims arising from events that occurred more than two years prior to the filing of this action are time-barred by the two-year limitations period that governs 42 U.S.C. § 1983 claims.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run. Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent

2

to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

By Plaintiff's own admission, the court proceedings with which he appears to take issue ended on July 26, 2007, his sentencing date. On or before that date, the facts which would support Plaintiff's causes of action were apparent or should have been apparent to Plaintiff. *See Salas v. Pierce*, 297 F. App'x 874, 877-878 (11th Cir. 2008) ("With regard to [plaintiff's] claims that the police arrested him without probable cause, the Assistant District Attorney failed to provide him with discovery documents, and the superior court judge failed to advise him of his appeal rights, the facts supporting these claims should have been apparent to [plaintiff] on or before the date he was sentenced."). However, Plaintiff did not file this action until March 2022, nearly 15 years later. Thus, it is clear from the face of the pleadings that his § 1983 claims are time-barred and should be dismissed.

   **B.   The *Heck* Doctrine**

Second, to the extent Plaintiff challenges the legality of his incarceration or claims an improper sentence, those claims are not proper in a § 1983 action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims challenging the legality of a prisoner's incarceration are not cognizable in a § 1983 action "unless and until the conviction or sentence [or other basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must be dismissed. The relevant inquiry is "whether a judgment in

3

favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [or other order of incarceration]." *Id.* at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed [are] not cognizable under § 1983").

Plaintiff's claim that he made an involuntary guilty plea necessarily implies the invalidity of his conviction or sentence. Indeed, as relief, he specifically seeks to be released from prison. Doc. 1 at 4. However, the law is clear that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. Accordingly, because this claim is not cognizable in a § 1983 action, it must be dismissed for failure to state a claim on which relief may be granted. *See Balisok*, 520 U.S. at 649 (emphasizing that "a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed").

  **C.**   **Defendant State of Alabama**

Third, Plaintiff appears to name the State of Alabama as a defendant, which is entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars suits for damages against a state unless the state waives its Eleventh Amendment immunity or Congress abrogates the immunity. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Eleventh Amendment immunity

in § 1983 cases. *Id.* at 1525 (citations omitted). Accordingly, Plaintiff cannot bring a suit for damages against the State.

### D. Defendant David Vickers

Finally, Plaintiff's remaining named defendant, David Vickers, appears to be a private individual and not a state actor. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citation omitted). Mr. Vickers was not acting under color of state law when he served as Plaintiff's counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Thus, Plaintiff cannot properly allege that Vickers's alleged ineffective assistance gave rise to § 1983 liability.

## III. CONCLUSION

Because Plaintiff's claims are barred by the applicable two-year statute of limitations or are otherwise not cognizable in a § 1983 action, the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process as time-barred and for failure to state a claim on which relief may be granted.

It is further ORDERED that by **August 25, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of August, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE